United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN OSORNIO-GALVAN,
Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,
Respondents.

Case No. 1:26-cv-05286-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Juan Osornio-Galvan filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* ECF No. 1 at 29. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders.

Petitioner last entered the United States in 2011 and has been living in the United States for the last fifteen years. Based on the record before the Court, aside from submitting an application for asylum in December 2025, Petitioner has not otherwise interacted with immigration authorities nor has he previously been detained and released by ICE. *See* ECF No. 8 at 14; ECF No. 1 at 7.

Petitioner's present detention began after ICE arrested him outside his home on June 10, 2026, allegedly pursuant to a warrant. ECF. No. 8 at 14. According to records submitted by Respondents, Petitioner attempted to flee when ICE arrived. *Id.* They further claim that Petitioner "is suspected of involvement in human smuggling and human trafficking cases[.]" *Id.* Though they maintain that Petitioner may be detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), they argue that, should the Court disagree, the proper remedy is "a bond hearing

to determine Petitioner's suitability for release from detention pending a final order of removal." ECF No. 8 at 2.

The Court rejects Respondents' argument that Petitioner may be detained without a bond hearing under § 1225(b)(2)(A). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)[.]" 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b), but otherwise has not previously been detained by ICE or interacted with immigration authorities. Under some circumstances, courts have granted immediate release. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB

(HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence that Petitioner may be a danger to the community or a flight risk if released, and Petitioner has not otherwise established that he is entitled to release on due process grounds. Respondents, however, must make this showing at a bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus, ECF No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: August 30, 2026

Noël Wise
United States District Judge